**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWING TORRES-MARTINEZ,<br><br>Petitioner<br><br>v.<br><br>TODD BLANCHE, et al.,<br><br>Respondents | Case No.: 2:26-cv-01638-APG-EJY<br><br>**Order Granting Amended Petition for a Writ of Habeas Corpus**<br><br>[ECF No. 7] |

Petitioner Edwing Torres-Martinez is a citizen of Columbia who is currently detained by Immigration and Customs Enforcement (ICE). ECF No. 7 at 3. He lived in Venezuela as a child but is not a citizen there. *Id.* at 5. He entered the United States in 2023 at the southern border and was paroled into the country. ECF No. 7-2 at 3-4. He received a work authorization and social security number. ECF No. 7 at 5.

In August 2025, Torres-Martinez was arrested for three misdemeanors: driving under the influence, possession of marijuana, and possession of drug paraphernalia. ECF No. 7-2 at 4. ICE put a detainer on him, but he was released before ICE could take him into custody. *Id.* He was convicted for driving under the influence in December 2025. *Id.* In February 2026, he was detained by ICE in Idaho while commuting to his job. *Id.* at 3; ECF No. 7 at 5.

ICE commenced removal proceedings against Torres-Martinez. *See* ECF No. 7 at 5. In his removal hearing before an immigration judge (IJ) in March 2026, Torres-Martinez agreed to voluntarily depart the United States. *Id.*; ECF No. 7-1 at 2. But he was ordered removed to Venezuela, where he is not a citizen and does not have a legal authorization to reside. ECF Nos. 7 at 5; 7-1 at 2. At the removal proceeding, Torres-Martinez asked the IJ if he could be released

on bond. ECF No. 7 at 6. The IJ found that she lacked jurisdiction to release him because he was being charged as an arriving alien. *Id.*

Over the next three months, the government attempted to remove Torres-Martinez to Venezuela twice. *Id.* Both times, Venezuelan authorities denied him entry. *Id.* The Department of Homeland Security then moved to reopen his removal case because he does not have Venezuelan citizenship, and an IJ granted the motion in July 2026. ECF Nos. 8 at 2; 8-1 at 24.

Removal proceedings are on-going against Torres-Martinez to allow him to seek fear-based relief regarding potential removal to Columbia. ECF No. 8 at 2. He has remained detained in ICE custody since February 2026 with no initial determination by an ICE officer that detention is proper or a bond hearing before an IJ. ECF No. 7 at 2, 14.

Torres-Martinez filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking his release or a bond hearing before an IJ. He first argues that he was entitled to a bond hearing because he is detained under 8 U.S.C. § 1226(a). Second, he argues that his detention without a bond hearing violates his procedural due process rights under the Fifth Amendment. Finally, he contends that the lack of a pre-deprivation individualized determination whether detention is appropriate violates his procedural and substantive due process rights. The government opposes the petition. I grant Torres-Martinez's petition and order his immediate release.

## I. DISCUSSION

The U.S. Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Immigr. & Naturalization Serv. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003). I have "equitable discretion" "as law and justice require" for remedying unlawful detention in habeas petitions. *Brown v. Davenport*, 596 U.S. 118, 128, 134 (2022) (quotation omitted).

**A. Torres-Martinez is detained under § 1226(a).**

The first step is to determine which immigration statute governs Torres-Martinez's detention. *See Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023) ("A noncitizen's place within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." (quotation omitted)). The government acknowledges that 8 U.S.C. § 1231(a) does not currently apply because the IJ reopened Torres-Martinez's removal proceedings. *See* ECF No. 8 at 1-2. The government argues that Torres-Martinez is lawfully detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Torres-Martinez argues § 1226(a) applies and thus he should be provided a bond hearing.

Because Torres-Martinez was detained within the interior of the United States and was not "seeking admission" when ICE detained him, he is detained under § 1226(a) and not § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, --- F.4th ----, No. 25-6842, 2026 WL 2196424,

at *3, 11 (9th Cir. July 30, 2026). Therefore, he has been entitled to an initial custody determination by an ICE officer and a bond hearing before an IJ. 8 C.F.R. §§ 236.1(c)(8), (d)(1).

Torres-Martinez's status as a noncitizen paroled under 8 U.S.C § 1182(d)(5)(A)[1] does not affect which statute governs his detention. *Luquez v. Blanche*, No. 2:26-cv-01823-APG-EJY, ECF No. 17 at 4-5 (D. Nev. Aug. 15, 2026); *Moya v. Bondi*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *5-6 (D. Nev. May 27, 2026). The government cites to a decision of the Board of Immigration Appeals (BIA), *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025), to support its argument that he is detained under § 1225(b)(2) because of his parole. I previously ruled that *Q. Li* is not the best interpretation of §§ 1182(d)(5)(A) and 1225(b)(2)(A) and do so again here. *Moya*, 2026 WL 1481604, at *4, 6 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385, 392 (2024)). Finally, the government cites to 8 C.F.R. § 1003.19(h)(2)(i)(B)[2] to argue that IJs do not have the authority to provide bond hearings to paroled noncitizens. I have held that § 1003.19(h)(2)(i)(B) does not preclude paroled noncitizens detained under § 1226(a) from receiving a bond hearing because that regulation implements § 1225(b)(2)(A). *Luquez*, No. 2:26-cv-01823-APG-EJY, ECF No. 17 at 6-7. Here, the government acknowledges that § 1003.19(h)(2)(i)(B) is tied to § 1225(b)'s statutory authority. ECF No. 8 at 3 ("Arriving aliens and applicants for admission who are placed into removal proceedings are detained under § 1225(b) . . . ." (citing 8 C.F.R. § 1003.19(h)(2)(i)(B)). Where § 1225(b) does not justify

---

[1] Under 8 U.S.C. § 1182(d)(5)(A), the government may temporarily release applicants for admission into the country "for urgent humanitarian reasons or significant public benefit." But that parole "shall not be regarded as admission of the alien." 8 U.S.C. § 1182(d)(5)(A). When such parole is terminated, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

[2] Under 8 C.F.R. § 1003.19(h)(2)(i)(B), an IJ "may not redetermine conditions of custody imposed by" ICE "with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to [§ 1182(d)(5)(A)]."

detention, its implementing regulation cannot, so § 1003.19(h)(2)(i)(B) does not preclude Torres-Martinez from receiving a bond hearing.

**B. Torres-Martinez's detention violates procedural due process.**

Torres-Martinez next argues that his procedural due process rights have been violated because he did not receive an initial custody determination upon his detention by ICE or a bond hearing since being detained. The government argues that his temporary detention does not offend due process.

The government is violating Torres-Martinez's procedural due process rights by detaining him without an initial custody determination or subsequent bond hearing as required by § 1226(a) and its implementing regulations. *See* 8 C.F.R. §§ 236.1(c)(8), (d)(1). I incorporate by reference the well-reasoned analysis regarding procedural due process rights for noncitizens detained under § 1226(a) in *Vazquez Perez v. Blanche,* No. 2:26-cv-01505-RFB-MDC, 2026 WL 1999155, at *3-6 (D. Nev. July 10, 2026). Specifically, I hold that the Due Process Clause of the Fifth Amendment guarantees Torres-Martinez the procedural protections provided by § 1226(a) and that the failure to provide him those protections violates due process under the *Mathews v. Eldrige*[3] factors.

**C. Release is the appropriate remedy.**

In violation of his due process rights and the Immigration and Naturalization Act, Torres-Martinez has been detained for about six months with no individualized determination whether custody is appropriate. Therefore, I order his release, which is "the traditional remedy of habeas corpus." *Preiser*, 411 U.S. at 500.[4]

---

[3] 424 U.S. 319 (1976).

[4] I do not address Torres-Martinez's substantive due process argument because I order his release.

## II. CONCLUSION

I THEREFORE ORDER that petitioner Edwing Torres-Martinez's amended petition for a writ of habeas corpus **(ECF No. 7) is GRANTED**.

I FURTHER ORDER respondent John Mattos to release Torres-Martinez from the custody of CoreCivic on **Wednesday, August 19, 2026**, no later than 1:00 p.m. The respondents must transport Torres-Martinez to 501 Las Vegas Blvd. South, Las Vegas, Nevada that same day. The respondents must advise Torres-Martinez counsel of the estimated time of release for coordination purposes, with at least one hour of notice.

I FURTHER ORDER that the respondents return all of Torres-Martinez's personal property to him upon his release.

I FURTHER ORDER that the respondents may not re-detain Torres-Martinez during the pendency of his current removal proceedings without a pre-deprivation, individualized hearing to determine whether detention is appropriate under 8 C.F.R. § 236.1(d)(1).

I FURTHER ORDER that the respondents are PERMANTENTLY ENJOINED from denying Torres-Martinez the ability to be released on bond on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

DATED this 17th day of August, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE